J-S35037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PRATIGYA THAKUR | : | |
| | : | |
| Appellant | : | No. 485 MDA 2021 |

Appeal from the Judgment of Sentence Entered February 9, 2021
In the Court of Common Pleas of Snyder County Criminal Division at
No(s): CP-55-CR-0000341-2019

BEFORE: OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED: DECEMBER 9, 2021**

Pratigya Thakur (Thakur) appeals from the judgment of sentence imposed in the Court of Common Pleas of Snyder County (trial court) after a jury found her guilty of two counts of indecent assault. We affirm.

**I.**

Thakur was charged with various sexual offenses against her college roommate, A.I. At trial, A.I testified she was not gay. Thakur, meanwhile, told her she was bi-sexual but the two had never engaged in any sexual activity together. On the night of the assault, A.I. and Thakur got drunk in their dorm because it was the end of the semester and they were moving to a new dorm the next day. As the night progressed, A.I. became drunk and

_____

[*] Retired Senior Judge assigned to the Superior Court.

laid down on Thakur's bed. A.I. passed out until she felt Thakur get into the bed. A.I. thought Thakur was going to sleep but then felt Thakur touch her breasts and kiss her. A.I. testified that she was confused and drifting in and out of consciousness. As this was happening, Thakur bit her nipple and started slapping her when she would drift off. Thakur called her a "bitch" and a "slut" and asked, "why haven't we done this before." A.I. testified that she then felt Thakur's fingers inside her vagina. Thakur also grabbed A.I.'s head and rubbed her vagina against A.I.'s face. A.I. then fell off the bed and remembered waking up in her bed. She later told a friend about what happened and went to the college's counseling center, leading to the college's public safety office to interview her.

Thakur testified in her own defense and confirmed what happened but portrayed A.I. as an active participant, even testifying that A.I. performed oral sex on her. At the end of trial, the jury acquitted Thakur of rape but found her guilty of two counts of indecent assault.[1] The trial court imposed an aggregate sentence of 3 to 24 months less a day, followed by 90 days' probation. Thakur filed a post-sentence motion raising sufficiency and weight claims. After that motion was denied, she filed this appeal.[2]

---

[1] 18 Pa.C.S. §§ 3126(a)(1), 3126(a)(4). The trial court also found her guilty of summary harassment, 18 Pa.C.S. § 2709(a)(1).

[2] Thakur's notice of appeal stated that the appeal was from the judgment of sentence imposed on February 3, 2021, the date of sentencing. The trial

**II.**

Thakur first contends that the Commonwealth presented insufficient evidence to convict her on both counts of indecent assault.[3]

Indecent Assault is defined as:

> **(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with

---

court, however, entered an amended sentencing order on February 9, 2021. We remind counsel that in cases where the trial court amends the judgment of sentence during the period that it maintains jurisdiction under 42 Pa.C.S. § 5595, the direct appeal lies from the amended judgment of sentence. **See Commonwealth v. Garzone**, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010).

[3] Our standard of review for the sufficiency of the evidence is as follows:

> [w]hether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Gause**, 164 A.3d 532, 540-41 (Pa. Super. 2017) (citations and quotation marks omitted).

J-S35037-21

seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

(1) the person does so without the complainant's consent;

* * *

(4) the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring[.]

18 Pa.C.S. § 3126(a)(1) and (4). "Indecent contact" is defined as: "Any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

Thakur asserts that the Commonwealth did not adduce any evidence that A.I. did not consent or was unconscious for any appreciable length of time. In effect, Thakur argues that there was no evidence that she was unaware that A.I. was offended by the contact or unaware of it. We disagree.

First, A.I. made it clear that she did not initiate the contact with Thakur. Instead, she passed out on the bed after being extremely intoxicated.

…I was so intoxicated that I couldn't stand upright. It got to the point where I knew like I was about to throw up. It was about to get gross. I was not able to make coherent sentences. I wasn't – like my eyesight was blurry. So I went to the room to rest and went to the nearest place that was available and open.

N.T., 11/5/20, at 54.

A.I. testified that she passed out but then felt Thakur touch her breasts and begin to kiss her. *Id*. at 56. A.I. testified that she "tried to move [her] head away" but she was still very intoxicated. *Id*.

- 4 -

Next, A.I. testified that she would drift out of consciousness, prompting Thakur to slap her and yell at her because of her drifting off. *Id*. at 57. A.I. described what Thakur was saying as follows:

> Really vicious stuff like in a mean way calling me bitch, slut, why haven't we done this before, things like that nature, and I remember like feeling scared and upset and kind-of wanting to just stay blacked out to not have to face what's going on.

*Id*. at 57-58.

A.I. next remembered feeling a "sharp pain" in her vagina. When she opened her eyes, she saw that Thakur had inserted her fingers into A.I.'s vagina. *Id*. at 58. When asked if she tried to push Thakur away, A.I. replied: "Yes but I was really weak. So I put my arms in front of me **but she moved them**." *Id*. (emphasis added). A.I. then remembered that Thakur grabbed the back of her head and began "hitting her vagina against my face[.]" *Id*.

Viewing this testimony in light most favorable to the Commonwealth, we find that the Commonwealth presented more than sufficient evidence to establish both counts of indecent assault. A.I.'s testimony was unequivocal: Thakur initiated the contact while A.I. was passed out from being intoxicated. Then, when A.I. began to drift out of consciousness, Thakur would slap her and yell at her to try and wake her up. A.I. tried to physically resist the contact by moving her head, push Thakur away and put her arms in front of her, but Thakur continued. The jury credited this testimony and found that Thakur had the requisite mens rea to commit both counts of indecent assault.

In her other issue, Thakur challenges the weight of the evidence for her convictions.[4] Thakur focuses on what happened after the encounter, noting that public safety was called to their residence hall later that night. When public safety was there, A.I. told Thakur that she better not let the officers into the room or she would "beat her ass." A.I. was asked about her comment and she replied that she was scared about the officers finding alcohol and marijuana in the room. *Id*. at 37. Thakur fails to explain how this incident would negate A.I.'s testimony about what happened that night or prove that her contact with Thakur was consensual. Accordingly, we find that the trial court, which heard and saw all the evidence, did not err in denying Thakur a new trial based on the weight of the evidence.

Judgment of sentence affirmed.

_____

[4] Our standard of review for a weight of the evidence claim is as follows:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the [trial] court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Horne*, 89 A.3d 277, 285 (Pa. Super. 2014) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/09/2021